# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ANTWAN BLACKWELL,**

    **Petitioner,**

v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

**CASE NO. 2:07-cv-487**
**CRIM. NO. 2:05-cr-00066(2)**
**JUDGE HOLSCHUH**
**MAGISTRATE JUDGE ABEL**

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties. This action involves petitioner's underlying conviction pursuant to his guilty plea to conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine and 50 grams of cocaine base. In this federal habeas corpus petition, petitioner asserts that his guilty plea was coerced, that he was denied the effective assistance of counsel, improperly sentenced, and that his sentence violates the Double Jeopardy Clause. For the reasons that follow, the Magistrate Judge concludes that all of these claims are without merit and therefore **RECOMMENDS** that this action be **DISMISSED.**

## PROCEDURAL HISTORY

On November 17, 2005, while represented by counsel, and pursuant to the terms of a plea agreement signed on October 14, 2005, petitioner pleaded guilty to conspiracy to distribute and possess with the intent to distribute more than five kilograms of cocaine and

50 grams of cocaine base, in violation of 21 U.S.C. §841(a)(1), (b)(1)(A)(iii), (b)(1)(A)(ii), and §846. Doc. No. 92. On June 1, 2006, the Court sentenced petitioner to 63 months imprisonment. Doc. Nos. 112, 113.

On May 29, 2007, petitioner filed the instant *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. He asserts as follows:

> 1. Petitioner was denied access to the Court to ... address his outstanding claims, in violation of the law.
>
> The petitioner was coerced to ... plead guilty to crack cocaine under the amount of 50 gram, when a new law has sustain[ed] that crack cocaine or cocaine base cannot be proven in the Court of law under its original form and this Court must vacate the sentence and conviction. Trial counsel ... violated his A.B.A. Canon Codes by negotiating the petitioner's constitutional rights within a plea agreement contract.... Congress cannot enact the antieffective death penalty act ... for judges to infringe upon a petitioner's First Amendment rights.
>
> 2. Petitioner was denied the right to... effective assistance of counsel, in violation of his Sixth Amendment rights.
>
> The trial counsel had unlawfully negotiated the petitioner's guarantee[d] constitutional rights within a plea agreement contract beyond judicial appropriated standard of laws, failed to seriously challenge the grand jury process, failed to challenge a defective indictment, failed to file proper pretrial motion.
>
> 3. The petitioner was exposed to an over lap beyond his maximum guidelines range sentence.
>
> This court had exceeded the petitioner['s] guidelines range by imposing an additional supervised release term beyond the [illegible] U.S. Sentencing Guideline range.... This is a plain error that trial counsel ... failed to object to. Furthermore, the trial counsel negotiated the petitioner's guarantee[d] constitu-

> tion[al] rights within a plea agreement contract because it was a miscarriage of justice and an intent[ional] violation of the criminal P. Rule No. II for the trial judge to ... accept[] a plea agreement that permit[ted] a defendant to waive his right to a direct appeal and to deprive him of a §2255 motion....
>
> 4. The Double Jeopardy Clause prohibit[s] trial judges from imposing a juxtapose sentence.
>
> It is well settled that a trial judge lacks subject matter jurisdiction to [have] imposed a court assessment fine in this case because it amount[ed] to a juxtapose sentence, in violation of the petitioner[′s] 5th Amendment right, whereas there is no indictment. The petitioner can never waive his double jeopardy claim after pleading guilty....

It is the position of the respondent that all of petitioner's claims are without merit.

### CLAIMS ONE AND TWO

In claims one, petitioner asserts that his guilty plea was coerced  He also asserts that his attorney improperly negotiated a guilty plea because the government would have been unable to prove he conspired to distribute and possess with the intent to distribute more than 50 grams of cocaine base and that he was denied the effective assistance of counsel because his attorney failed to challenge the grand jury process, an allegedly defective indictment, and failed to file a proper pre-trial motion. All of these claims are plainly without merit.

A prisoner may challenge the entry of a plea of guilty on the basis that counsel's ineffectiveness prevented the plea from being knowing and voluntary. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), applies to challenges to guilty pleas based on a claim of ineffective

3

assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Sparks v. Sowders*, 852 F.2d 882, 884 (6th Cir. 1988). In order to obtain relief, a prisoner who is challenging the entry of his guilty plea on the basis of counsel ineffectiveness must first show that counsel's advice was not within the range of competence demanded of attorneys in criminal cases. *Hill*, 474 U.S. at 59; *Sparks,* 852 F.2d at 884.

> The second, or "prejudice" requirement on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill*, 474 U.S. at 59; *Sparks,* 852 F.2d at 884.

The *Strickland* test applies to appellate counsel. *Burger v. Kemp*, 483 U.S. 776 (1987). Counsel must provide reasonable professional judgment in presenting the appeal. *Evitts v. Lucey*, 469 U.S. 387, 396-97 (1985). "'[W]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)).

Additionally, because a criminal defendant waives numerous constitutional rights when he enters a plea of guilty, the plea must be entered into knowingly and voluntarily in order to be constitutionally valid. *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). "'The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Sparks v. Sowders,* 852 F.2d

882, 885 (6th Cir. 1988)(quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). In applying this standard, the court must look at the totality of circumstances surrounding the plea. *Id.* A criminal defendant's solemn declaration of guilt carries a presumption of truthfulness. *Henderson v. Morgan*, 426 U.S. 637, 648 (1976).

The Court will indulge a strong presumption that statements made by the parties at the plea hearing were truthful. *Blackledge v. Allison*, 431 U.S. 63, 74, 76 (1977).

> [T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Id.* at 74.

Petitioner's change of plea hearing initially was scheduled for November 8, 2005; however, at that time the Court continued the hearing to November 17, 2005, to give petitioner further time to consult with his attorney regarding the consequences of his guilty plea and so he could decide whether he want to admit his guilt. The Court also advised petitioner that the guilty plea would not be accepted unless petitioner had no doubt regarding his admission of guilt. *Transcript*, November 8, 2005, at 16. Additionally, the Court advised petitioner that the offense carried a minimum mandatory term of ten years imprisonment. *Id.*, at 12. Thereafter, on November 17, 2005, the date of petitioner's guilty plea, the prosecutor outlined the terms of petitioner's plea agreement. *Transcript, Guilty*

*Plea*, at 4-7. Petitioner stated that it was his desire to plead guilty:

> COURT: Is that correct, Mr. Blackwell, that you do now intend to plead guilty?
>
> BLACKWELL: Yes, sir, Judge Holschuh. Yes, sir.
>
> COURT: And that's not just because of Ms. Pettit's advice?
>
> BLACKWELL: No, sir. It['s] due to understand the conspiracy. Yes, I am aware and I want to plead guilty to the conspiracy.

*Transcript,* November 17, 2005, at 7. Petitioner denied being under the influence of any drugs and said he had a clear understanding of what was happening. *Id*. He had had ample time to review his case with counsel and was completely satisfied with her representation. *Id.*, at 8. The Court advised petitioner of all of the rights he was waiving by virtue of his guilty plea. At all times petitioner indicated that he understood. *Id.*, at 9-11. He did not ask any questions. *See Transcript*. The Court advised petitioner that he was giving up the right to file a motion to suppress evidence on the basis that it was illegally obtained by pleading guilty. *Id.*, at 10. Petitioner indicated he had reviewed the plea agreement with counsel. He denied being coerced or threatened to plead guilty and said no additional promises had been made to induce his guilty plea that were not stated on the record. *Id.*, at 11-12. Petitioner had told his attorney everything he knew about the facts of the case. Defense counsel had advised him on the applicable law. *Id.*, at 17. The Court advised petitioner of the elements of the charge against him and again informed him of the mandatory minimum sentence required of ten years, as well as the maximum term of life. *Id.*, at 18. Again, petitioner at all times indicated that he understood and asked no

6

questions. The Court also advised petitioner that he would be required to serve five years supervised release, and pay a special assessment of $100.00. *Id.*, at 18. The Court advised petitioner of the nature and consequences of supervised release. *Id.*, at 19. Again, petitioner at all time indicated that he understood and asked no questions.

Agent Tim Burke with the ATF stated the facts of the case as follows:

> On March 18, 2005, ATF, the Columbus Police Division, executed a federal search warrant at 4682 Shalers Drive, Columbus, Ohio, a residence utilized by Damion Weatherspoon and Antwan Blackwell working in concert with each other to package and distribute narcotics. Antwan Blackwell was present during the execution of this search warrant.
>
> Found during the search warrant were 2 kilograms of cocaine, 13 ounces of crack cocaine, 2 kilograms of marijuana, 11 empty kilogram cocaine wrapping packages containing cocaine residue, a 12 ton press containing cocaine residue, a 6 ton press containing cocaine residue, three hand mixers containing cocaine residue, and a drug ledger containing names, including an ATF confidential informant's name, and dollar amounts owed to Damion Weatherspoon for the purchase of narcotics.
>
> All of these narcotics were submitted to the Ohio BCI lab for analysis, and the cocaine and cocaine base proved to be cocaine and crack cocaine.
>
> \*\*\*
>
> After being read his *Miranda* warnings, Mr. Blackwell stated that all the narcotics inside the residence were his. He further stated that he has been obtaining cocaine from his source approximately 1 kilogram of cocaine twice a month for the past year and a half
>
> All of these events occurred in the Southern Judicial District of Ohio, Eastern Division.

*Id.*, at 21-22. Petitioner admitted the foregoing facts were true. He wanted to plead guilty because he was, in fact, guilty of the charge. *Id.*, at 22.

Thus, and contrary to petitioner's allegation here, the record does not reflect that the prosecution would have been unable to prove the charge against petitioner or establish that the substances involved were crack and powder cocaine. Further, pursuant to the terms of his October 14, 2005, guilty plea, the government agreed to dismiss counts three and four of the indictment, which charged petitioner with two counts of possession with intent to distribute over five kilograms of cocaine and fifty grams of cocaine base, and not to file additional charges against petitioner. *See* Doc. No. 11; *Plea Agreement,* Doc. No. 75. Petitioner received a two level reduction for his acceptance of responsibility and a one level reduction in his recommended sentence under the United States Sentencing Guidelines for timely notifying authorities of his intention to plead guilty. *PreSentence Investigation Report*, ¶60, 61. Pursuant to the government's motion, the Court sentenced petitioner to sixty-three months imprisonment, well below the mandatory minimum ten year term required for his offense of conviction as well as below the recommended guideline range of 120-137 months. *See PreSentence Investigation Report*, at ¶126, 127. Thus, petitioner substantially reduced not only his potential prison exposure, but avoided the mandatory ten year minimum term by entry of his guilty plea. Under such circumstances, it is unlikely that defense counsel would have advised against the guilty plea. Petitioner has failed to establish that, but for counsel's errors, he would not have pleaded guilty, but would have insisted on going to trial. *Hill v. Lockhart, supra.*

Petitioner's claims of ineffective assistance of counsel due to counsel's failure to challenge the indictment, the grand jury process, or to file a pre-trial motion to suppress likewise fail.

> A voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant, including "claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir.2000). *See also Johnson v. Atherton*, 296 F.3d 991, 993 (10th Cir.2002) (holding that a guilty plea, intelligently and voluntarily made, bars later constitutional challenges, including claims of ineffective assistance of counsel not implicating the voluntariness of the plea); *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir.1992) ( "A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." ); *Claybron v. Stovall*, No. 05-73676, 2007 WL 551599, at *6 (E.D.Mich. Feb.20, 2007) ( "a voluntary guilty plea waives all claims of ineffective assistance of counsel, except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." ).

*Tucker v. United States*, 2007 WL 2007 WL 2159414 (W.D. Michigan July 25, 2007). Petitioner does not indicate, and this Court is unable to discern from the record, in what manner the indictment or grand jury proceedings were improper. Further, on September 1, 2005, petitioner filed a *pro se* motion to suppress evidence. Doc. No. 63. Through counsel, on September 26, 2005, he withdrew that motion. After entry of his guilty plea, but before sentencing, correspondence from defense counsel indicates that defense counsel advised petitioner that he would be unable to pursue a motion to suppress by entering a guilty plea, and petitioner wished to proceed with the guilty plea agreement. *See Government's*

9

*Exhibit B*. At the time of petitioner's guilty plea, the Court also advised him he was waiving the right to file a motion to suppress evidence allegedly illegally obtained by entry of his guilty plea. Petitioner indicated that he understood. *Transcript,* November 17, 2005, at 10-11.

In short, the record entirely fails to support either petitioner's allegation that his guilty plea was the product of coercion, or that, but for the constitutionally deficient performance of defense counsel, he would not have pleaded guilty, but would have proceeded to trial. *Hill v.Lockhart, supra*.

Claims one and two are without merit.

## CLAIM THREE

In claim three, petitioner asserts that the District Court improperly sentenced him to a term of supervised release beyond his recommended guideline range, and that he was denied the effective assistance of counsel because his attorney failed to object to imposition of supervised release. Petitioner also complains that he improperly was required to waive his right to appeal as a part of the guilty plea. These allegations likewise are plainly without merit.

The Court imposed a term of five years supervised release. Doc. No. 112. This term was recommended by the probation officer and was within the recommended guideline range under the United States Sentencing Guidelines. *PreSentence Investigation Report*, at ¶130, 131. Further, the Court advised petitioner at the time of his guilty plea that a five year term of supervised release would be imposed. Petitioner indicated that he understood

and had no questions. *Transcript,* November 17, 2005, at 18-19. The terms of petitioner's guilty plea do not indicate that he waived the right to appeal.

Claim three is without merit.

## CLAIM FOUR

In claim four, petitioner asserts that his sentence violates the Double Jeopardy Clause because the District Court imposed a $100.00 special assessment in addition to 63 months imprisonment and five years supervised release. This claim, being readily apparent from the face of the record, should have been on direct appeal, but was not. Petitioner therefore must show cause for failing earlier to raise the issue, as well as actual prejudice resulting from the error. *Napier v. United States,* 159 F.3d 956, 961 (6th Cir.1998), citing *United States v. Frady,* 456 U.S. 152, 167-68 (1982). Petitioner has failed to demonstrate cause or prejudice for his failure. His argument is plainly without merit.

As noted by respondent, Court imposed the $100.00 fine as required under 18 U.S.C. §3013(a)(2)(A). Imposition of the fine in addition to a term of imprisonment and supervised release did not violate the Double Jeopardy Clause. *See Blockburger v. United States,* 284 U.S. 299 (1932); *Rutledge v. United States*, 517 U.S. 292 (1996). Again, the record reflects that petitioner was advised of imposition of the special assessment pursuant to the terms of his guilty plea. *See Plea Agreement*, Doc. No. 75; *Transcript*, November 17, 2005, at 18.

Claim four is without merit.

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

          s/Mark R. Abel
          United States Magistrate Judge